■ SYLVIA FOX, Appellant, v. MAX BROWN, Defendant, ZEB A. EPSTEIN et al., Respondents. ZEB A. EPSTEIN, Third-Party Plaintiff, v. ANSONIA PLUMBING & HEATING CONTRACTORS, INC., et al., Third-Party Defendants.— Judgment affirmed, with costs to respondents. Concur — Rabin, J. P., Stevens, Eager and Steuer, JJ.; McNally, J., dissents in following memorandum: I dissent and vote to reverse the judgment setting aside a jury verdict in a personal injury negligence action and dismissing the complaint so far as defendant the City of New York is concerned. The accident happened in front of premises 259 West 85th Street, Borough of Manhattan, on June 4, 1962. A witness, employed for five or six years as a clerk in a grocery store located at 251 West 85th Street, testified that for at least six months prior

to the date of the accident there had been a hole in the sidewalk in front of 259 West 85th Street. The hole is depicted in the photographs in evidence. It was described as having the shape of a footprint; its dimensions given as 12 inches in length, 3 inches in width and 1 inch in depth. The proof as to the nature of the hole, its dimensions and the length of time it had been in existence was not disputed. A police officer who came to the scene of the accident shortly after the occurrence was not called as a witness. Plaintiff, a single woman, living in the neighborhood, testified that on this morning, a sunny day, she was on her way to work wearing flat walking shoes; that her shoe caught in the described hole, she lost her balance and fell. Implicit in the jury's verdict in favor of the plaintiff is the finding that the hole was not a slight or trivial defect but was of such nature that the possibility of accident was foreseeable. Jury questions as to negligence and contributory negligence were presented and it was error to dismiss the complaint as a matter of law.